**FILED**

OCT 1 1 2019

Clerk, U.S. District Court
District Of Montana
Missoula



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>    Plaintiff,<br><br>vs.<br><br>C.S.I. OFFICER, COREY OLSEN,<br>MONTANA CAMPGROUND<br>(OWNER) R.V. AND TRAILER-<br>HOUSE'S,<br><br>    Defendants. | CV 19–61–H–DLC–JTJ<br><br><br>ORDER |

Before the Court is the Findings and Recommendations of United States Magistrate Judge John Johnston, entered on September 30, 2019. (Doc. 4.) Judge Johnston recommends that the Court deny Plaintiff Hussar's motion to proceed in forma pauperis. (Doc. 1.) He also recommends that the Court direct the Clerk to close the case and enter judgment for Defendants. (Doc. 4 at 3.)

As a preliminary matter, Judge Johnstone finds that Hussar is not entitled to the ordinary fourteen-day window for filing objections. As it relates to many motions, "any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations" within fourteen days of service. 28

-1-

U.S.C. § 636(b)(1). However, as the Ninth Circuit pointed out in *Minetti v. Port of Seattle*, applications to proceed in forma pauperis are not motions to which the right to object applies. 152 F.3d 1113, 1114 (9th Cir. 1998). Therefore, the Court need not wait for objections to rule on Hassar's motion (Doc. 1), and the Court reviews Judge Johnston's findings and recommendations for clear error. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

The Court finds no clear error in Judge Johnston's finding that Hussar has struck out under 28 U.S.C. § 1915(g). In general, federal law imposes a three-strike rule against a prisoner attempting bring a civil action in forma pauperis when his previous three actions were "dismissed on grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). A prisoner who has otherwise struck out under 28 U.S.C. § 1915(g) may be excepted from the rule if "the prisoner is under imminent danger of serious physical injury" at the time he files his complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007).

As set out in the Findings and Recommendations, Hussar has filed at least three civil actions that have been dismissed as frivolous or for failure to state a claim. (*See* Doc. 4 at 2.) Additionally, the Court agrees with Judge Johnston's conclusion that Hussar has failed to show that he was under imminent danger of serious physical injury when he filed his Complaint. (Doc. 2.) Therefore, the exception does not apply to save Hussar's action from the three-strike rule, and his application to proceed in forma pauperis must be denied.

Furthermore, the Court agrees with Judge Johnston's recommendation it deny Hussar additional time to pay the full filing fee. The Court has repeatedly warned Hussar in the other actions he has filed that he is subject to 28 U.S.C. § 1915(g), and that he may not submit such filings without payment of the filing fee or demonstrating imminent danger of serious physical harm. (*See* Doc. 4 at 3). Nevertheless, Hussar ignores the Court's admonitions again applies to proceed in forma pauperis in this action. Additional time to pay the full filing fee is denied.

Accordingly, reviewing Judge Johnston's Findings and Recommendations for clear error and finding none, IT IS ORDERED that:

(1)     Judge Johnston's Findings and Recommendations (Doc. 4) is ADOPTED IN FULL, and this matter is DISMISSED WITH PREJUDICE.

(2)     The Clerk of Court is directed to close this matter and enter judgment

in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3)     The Clerk of Court is directed to have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A), Fed. R. App. Proc., that any appeal of this decision would not be taken in good faith.   No reasonable jurist could conclude that an appeal would have merit.   The record makes plain that the Complaint (Doc. 2) lacks arguable substance in law or fact.

DATED this 11ᵗʰ day of October, 2019.

Dana L. Christensen, Chief Judge
United States District Court